IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TIOFILA SANTILLANA, | § | |
|     Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:14-CV-546-O |
| | § | |
| JODY R. UPTON, Warden, | § | |
| FMC-Carswell, | § | |
|     Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Tiofila Santillana, a federal prisoner confined in the Federal Medical Center-Carswell (FMC-Carswell) in Fort Worth, Texas, against Jody R. Upton, Warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

Petitioner is serving a 266-month term of imprisonment for her 2009 conviction in the United States District of Texas, Western Division, for distribution of methadone resulting in the death of Brandon Moore. Resp't's App. at 4-5, ECF No. 9-1.

**II. DISCUSSION**

By this petition, Petitioner challenges the legality of her conviction and enhanced sentence under 21 U.S.C. § 841(b)(1)(C) by arguing that Moore's death did not result from methadone ingestion as required under *Burrage v. United States,* — U.S. —, 134 S. Ct. 881 (2014), and instead was the result of a "mixed drug intoxication"–*i.e.,* a combination of drugs. Pet. 3-5, ECF No. 1. In *Burrage,* the Supreme Court interpreted the "death results" enhancement set forth in 21 U.S.C. §

841(b)(1)(C) and held that "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. 841(b)(1)(C) unless such use is a *but-for* cause of the death or injury." *Id.* at 892 (emphasis added).  According to Petitioner, because the evidence at her trial did not prove that but for the methadone Moore would not have died, she is actually innocent of her conviction and sentence.   Pet. 5, ECF No. 1

Title 28, United States Code § 2255 is the primary means under which a federal prisoner may collaterally attack the legality of a conviction or sentence.  *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).   Section 2241, on the other hand, is used to challenge the manner in which a sentence is executed.  *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).  A § 2241 petition attacking a federal conviction or sentence may only be considered if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention.  *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000).  In order to meet this burden, a petitioner must show that (1) his claim is based on a retroactively applicable Supreme Court decision, (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that he may have been convicted of a nonexistent offense.  *Garland v.* Roy, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena*, 243 F.3d at 904.   The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner.  *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001).

The Supreme Court has not held *Burrage* to be retroactively applicable to cases on collateral review, and this Court has no authority to so hold.  *See Tyler v. Cain,* 533 U.S. 656, 663 (2001) ("[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it

2

to be retroactive.") .  Thus, Petitioner cannot satisfy the first prong of the test.  Accordingly, § 2241 is not the proper vehicle for bringing her claim, and the petition should be dismissed for lack of jurisdiction.

## III.  CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction.  Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 3rd day of June, 2015.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**