IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TIOFILA SANTILLANA, § | | |
| Petitioner, § | | |
| § | | |
| VS. § | | Civil Action No. 4:14-CV-546-O |
| § | | |
| JODY R. UPTON, Warden, § | | |
| FMC-Carswell, § | | |
| Respondent. § | | |

**OPINION AND ORDER ON REMAND**

This habeas action pursuant to 28 U.S.C. § 2241 was filed by petitioner, Tiofila Santillana, a federal prisoner who was confined in the Federal Medical Center-Carswell (FMC-Carswell) in Fort Worth, Texas, at the time the petition was filed, against Jody R. Upton, warden of FMC-Carswell, Respondent. On June 3, 2015, this Court dismissed the action for lack of jurisdiction on the basis that Petitioner had failed to invoke the jurisdiction of this Court under § 2241 by satisfying the requirements of the so-called "savings clause" under 28 U.S.C. § 2255(e). Op. and Order and Final J., ECF Nos. 12 & 13. On January 16, 2017, the Fifth Circuit reversed the judgment of dismissal and remanded the case to this Court for reconsideration of the jurisdictional issue, having determined that the Supreme Court decision in *Burrage v. United States,* 134 S. Ct. 881 (2014), applies retroactively to cases on collateral review for purposes of a "savings clause" analysis. For the following reasons, the petition is granted.

**I. BACKGROUND**

Petitioner is serving a 240-month term of imprisonment for her 2009 conviction in the United States District of Texas, Western Division, Case No. 7:08-CR-153(1)-RAJ, for distribution of methadone resulting in the death of Brandon Moore. Resp't's Supp. App. at 1, ECF No. 32-1.

## II. DISCUSSION

By this petition, Petitioner challenges the legality of her conviction and enhanced sentence under 21 U.S.C. § 841(b)(1)(C) by arguing that Moore's death did not result from methadone ingestion as required under *Burrage*, and instead was the result of a "mixed drug intoxication"–*i.e.,* a combination of drugs. Pet. 3-5, ECF No. 1. In *Burrage,* the Supreme Court interpreted the "death results" enhancement set forth in 21 U.S.C. § 841(b)(1)(C) and held that "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. 841(b)(1)(C) unless such use is a *but-for* cause of the death or injury." *Id.* at 892 (emphasis added). Petitioner argued that because the evidence at her trial did not prove that but for the methadone Moore would not have died, she is actually innocent of her conviction and sentence. Pet. 5, ECF No. 1

Title 28, United States Code § 2255 is the primary means under which a federal prisoner may collaterally attack the legality of a conviction or sentence. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). However, a § 2241 petition attacking a federal conviction or sentence may be considered if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). In order to meet this burden, a petitioner must show that (1) his claim is based on a retroactively applicable Supreme Court decision, (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that he may have been convicted of a nonexistent offense. *Garland v. Roy,* 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena*, 243 F.3d at 904.

The parties agree, and the Court finds, that these requirements have been met. Accordingly, this Court has jurisdiction to consider Petitioner's claim in the context of a § 2241 habeas petition. Resp't's Supp. Mem. 3, ECF No. 31; Pet'r's Supp. Mem. 11, ECF No. 33. The parties also agree that *Burrage* renders the enhanced-penalty provision under § 841(b)(1)(C) inapplicable to Petitioner. Resp't's Supp. Mem. 3-4, ECF No. 31; Pet'r's Supp. Mem. 13-14, ECF No. 33. Thus, the only question that remains is what is the appropriate relief under the circumstances.

The government has provided the following argument:

> *Burrage* does not render Santillana's conduct non-criminal. The indictment and the jury instructions specified that Santillana was charged with violating 21 U.S.C. § 841(a)(1) – distribution of a controlled substance (methadone) – *and* the enhanced penalty portion of § 841(b)(1)(C) because Brandon Moore's death "resulted from" the methadone distributed by Santillana. The court instructed the jury that to find Santillana guilty, they had to find two things had been proven beyond a reasonable doubt: first, that Santillana had knowingly or intentionally distributed a controlled substance to Brandon Moore on or about April 9, 2008, in the Western District of Texas, and second, that the substance was methadone. The jury was given separate instructions as to the elements of § 841(a)(1) *and* the enhanced penalty under § 841(b)(1)(C). On the verdict form, the jurors first had to find Santillana guilty of count one of the indictment – distribution of methadone – before they turned to a special question regarding whether the penalty enhancement for distribution "resulting in" death applied to Santillana. Accordingly, *Burrage* should not disturb Santillana's underlying conviction for distribution of methadone, in violation of § 841(a)(1).
>
> . . .
>
> The appropriate relief for Santillana under § 2241 is for this Court to vacate her sentence under the penalty enhancement provision of § 841(b)(1)(C) and order Santillana transferred to the Western District of Texas for resentencing on the underlying § 841(a)(1) conviction. Without the "death or serious bodily injury" penalty enhancement of § 841(b)(1)(C) in play, Santillana will face a statutory maximum sentence of not more than 20 years' imprisonment.

Resp't's Supp. Mem. 4-5, ECF No. 31 (emphasis in original) (citations omitted).

Similarly, Petitioner has provided the following argument:

3

Under 28 U.S.C. § 2243, this Court has the authority to "dispose of the matter as law and justice require." Here, it is clear that the trial court's judgment must be vacated. Ms. Santillana cannot stand convicted of distributing methadone *resulting in* death. It is at least hypothetically possible that the Court could order her retried. But based on discussions with Government Counsel, Petitioner's attorneys do not believe that is what the Government wants.

A more flexible alternative would be to order a resentencing under the *simple,* or *unenhanced* version of the offense. After all, the jury found beyond a reasonable doubt that Ms. Santillana distributed methadone. That would save the Government the burden of a full retrial, but it would bar the Government from invoking the "results from" enhancement. Ms. Santillana would not object to an order vacating her sentence as well as the conviction of the *enhanced* version of the offense, but leaving in place a conviction on the "lesser included" simple offense of distribution of methadone, so long as she would be resentenced without that enhancement.

Pet'r's' Supp. Mem. 14, ECF No. 33 (emphasis in original).

The arguments share a common theme, which the parties appear to embrace and the Court finds persuasive.

## III. CONCLUSION

Therefore, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is conditionally GRANTED as follows:

(1) Petitioner's judgment of conviction and sentence for distribution of methadone resulting in death, in violation of 21 U.S.C. § 841(b)(1)(C), entered by the district court for the Western District of Texas is VACATED;

(2) The district court for the Western District of Texas shall enter judgment on the offense of distribution of methadone, in violation of 21 U.S.C. § 841(a)(1), and resentence Petitioner within 90 days;

(3) Respondent shall deliver Petitioner, who is currently confined at the federal prison camp in Bryan, Texas (FPC-Bryan), to the Western District of Texas for resentencing.

**SO ORDERED** on this 9th day of June, 2017.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**